

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Neil J. Oxford
Partner
Direct Dial: +1 (212) 837-6843
Direct Fax: +1 (212) 299-6843
neil.oxford@hugheshubbard.com

By ECF

Honorable Lewis A. Kaplan                              October 16, 2020
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)

Dear Judge Kaplan:

      Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this reply letter in further support of its motion (the "Motion," ECF Nos. 475-77) for the issuance of letters rogatory to obtain documents from parties in Switzerland and France pursuant to the Hague Evidence Convention.[1]

      Custodians ED&F and Solo Capital (and three of its affiliates) claim to have used BNP and Société Générale, respectively, as Sub-Custodians in purportedly holding Danish shares. (Mot. 5-6.) As such, SKAT requests that the Court issue letters rogatory seeking evidence from BNP and Société Générale concerning any shares they may have held ultimately on behalf of defendants in SKAT's actions—a critical issue in these cases.

      Before filing its Motion, SKAT requested ED&F's consent to BNP's compliance with the letter rogatory to the extent such consent is necessary under French law. ED&F refused. Thus, on September 21, 2020, SKAT moved (ECF No. 454) to compel ED&F's consent to BNP's disclosure of its information relevant to the parties' claims and defenses. As SKAT explained, the proposed BNP letter rogatory attached as Exhibit 2 to the Oxford Declaration includes the consent that SKAT's pending motion seeks to compel ED&F to provide. (Mot. 2-3.)

      ED&F argues that the Motion should be denied for that reason. (*See generally* ED&F Opp.)[2] But SKAT, of course, recognizes that the Court may modify the BNP letter rogatory, depending on the outcome of SKAT's pending motion to compel. That is not grounds to deny outright the part of SKAT's Motion seeking issuance of the BNP letter rogatory.

---

1. Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

2. No. 18-md-02865, ECF No. 479.

ED&F objects that it "could not consent in advance to the waiver of any objections—under French law or otherwise—to potential disclosures by BNP without knowing what BNP might choose to produce in response to SKAT's proposed discovery requests, or what questions SKAT or other MDL parties might ask at SKAT's proposed deposition(s), or what the implications of waiving a right might be under French law." (ED&F Opp. at 2.) This is disingenuous. ED&F knows that the proposed letter rogatory requests BNP to produce documents concerning ED&F's custodial relationship with BNP and activity involving Danish shares in ED&F's accounts: (i) ED&F account statements; (ii) SWIFT messages and other documents showing trading and transfer of Danish shares; (iii) SWIFT messages and other documents reflecting dividends from Danish shares; (iv) account opening documents; and (v) agreements establishing or terminating a custodial relationship. ED&F has failed to explain why any of this information is objectionable, and ED&F has not identified *any information as to which it will consent*.

ED&F's objection is calculated to avoid litigating its objections under French secrecy law before this Court, which is fully apprised of the significance of this discovery to the cases before it, and to ambush SKAT in the French courts, which are not familiar with this action. If ED&F is not going to try to block document discovery in the French courts under French secrecy law, it should provide a consent. Since ED&F has refused to do so, the Court should order ED&F to provide that consent.

Accordingly, SKAT respectfully requests that the Court grant its Motion for the issuance of letters rogatory and its related motion to compel ED&F to consent to BNP's disclosure.

Respectfully submitted,

/s/ Neil J. Oxford
Neil J. Oxford

cc:     All counsel of record (via ECF)